IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN D. BERRY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ROBERT MAY, Warden, and ATTORNEY ) <br> GENERAL OF THE STATE OF ) <br> DELAWARE, ) <br> ) <br> Respondents. ) | C.A. No. 19-29 (MN) |

## MEMORANDUM OPINION

Steven D. Berry – *Pro se* Petitioner.

Andrew J. Vella, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorneys for Respondents.

February 9, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Steven D. Berry ("Petitioner"). (D.I. 3). The State filed an Answer in opposition. (D.I. 11). For the reasons discussed, the Court will deny the Petition.

## I. BACKGROUND

On April 11, 2012, Petitioner pled guilty to sexual solicitation of a child. (D.I. 11 at 1; D.I. 12-1 at 3, Entry No. 18). On June 12, 2012, the Superior Court sentenced him to fifteen years at Level V incarceration, suspended after five years, then followed by probation. (D.I. 11 at 1; D.I. 12-8). Petitioner did not appeal his conviction or sentence.

On December 1, 2017, the Superior Court found Petitioner to be in violation of the terms of his probation ("VOP"). (D.I. 11 at 1). That same day, the Superior Court sentenced him to ten years at Level V, suspended upon successful completion of the Transitions sex offender treatment program, then followed by probation. (D.I. 11 at 2; D.I. 12-9 at 1). Petitioner did not appeal his VOP to the Delaware Supreme Court. On December 14, 2018, Petitioner filed a motion for review of sentence, which the Superior Court denied on January 7, 2019. (D.I. 12-10; D.I. 12-11). Petitioner appealed that decision. (D.I. 12-1 at 3, Entry No. 29). On April 2, 2019, the Delaware Supreme Court dismissed Petitioner's appeal for failure to diligently prosecute the matter. *See Berry v. State*, 207 A.3d 1127 (Table), 2019 WL 1492581, at *1 (Del. Apr. 2, 2019).

In a Petition dated December 23, 2018 and electronically filed on January 1, 2019, Petitioner alleges that he has newly discovered evidence of his actual innocence. (D.I. 3 at 5, 13). He asks for a new trial in the Delaware Superior Court. (D.I. 3 at 15).

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review with the state's highest court. *See Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012). Here, the Superior Court sentenced Petitioner on June 12, 2012, and he did not appeal that decision. Therefore, Petitioner's judgment of conviction became final

on July 12, 2012.[1] Applying the one-year limitations period to that date, Petitioner had until July 12, 2013, to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until December 23, 2018,[2] approximately five years and six months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes.

---

[1] The State mistakenly asserts that the limitations period began to run on September 10, 2012, after the expiration of the ninety-day time period for seeking certiorari review in the United States Supreme Court. (*See* D.I. 11 at 4). Because Petitioner did not file an appeal, the limitations period began to run after the expiration of the thirty-day period for seeking direct review with the Delaware Supreme Court.

[2] The Petition is dated December 23, 2018 but was electronically filed on January 7, 2019. Petitioner must have provided the Petition to prison authorities for filing sometime between those two dates. Because the fifteen-day difference in filing does not change the result of this proceeding, the Court adopts the date on the Petition as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

*See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner's first post-conviction motion – filed on December 14, 2018 – was filed approximately six years and six months after the expiration of AEDPA's one-year limitations period. Therefore, statutory tolling does not apply in this case.

      **B.**      **Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary

circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner does not assert that any extraordinary circumstance prevented him from timely filing the instant Petition. To the extent Petitioner's late filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court and the Third Circuit have not defined "new evidence" in the context of the actual innocence gateway. In dicta, however, the Third Circuit has "suggested that new evidence generally must be newly discovered." *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018). The Supreme Court and the Third Circuit also have not articulated a specific standard for determining whether new innocence-gateway evidence is reliable, but they have provided helpful guideposts. Broadly, three examples of reliable

5

evidence are "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Petitioner contends that he has "newly discovered physical evidence proving actual innocence," and also asserts that he is actually innocent because he was "legally insane" at the time of his conviction. (D.I. 3 at 5, 7). Petitioner has not supported either statement with any evidence, never mind new reliable evidence. Therefore, the Court concludes that Petitioner has not established a convincing gateway claim of actual innocence sufficient to excuse his untimely filing.

Accordingly, the Court will dismiss the Petition as time-barred.[3]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[3] Petitioner's sole ground for relief appears to assert a "freestanding" claim of actual innocence. The United States Supreme Court has not yet resolved if a freestanding claim of actual innocence is cognizable on federal habeas review. *See Reeves*, 897 F.3d 154, 160 n.4 (3d Cir. 2018). Even if Petitioner's freestanding claim of innocence should be considered to be cognizable, the Third Circuit has reasoned that "[f]ailure to meet the gateway standard is sufficient to reject any hypothetical freestanding actual innocence claim." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 184 (3d Cir. 2017). As discussed herein, Petitioner has failed to satisfy the gateway standard. Therefore, he cannot satisfy the higher standard of proof for a hypothetical freestanding actual innocence claim.

6

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.